**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                  CASE NO. 3:10-cr-297-J-32JBT

HENRY MANNS

## O R D E R

This case is before the Court on Defendant Henry Manns's pro se Motion for Modification of Term of Imprisonment (Doc. 72). The Government responded in opposition, (Doc. 73), and Manns filed a reply, (Doc. 74). For the reasons stated below, the Court must deny Mann's motion.

On September 21, 2011, Manns pleaded guilty to Count One of the Indictment charging him with possessing with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). (Doc. 37). Because Manns had a prior felony drug conviction, the Government filed a motion under 21 U.S.C. § 851 to enhance Manns's sentence. (Doc. 14). The enhanced sentence raised Manns's minimum mandatory to ten years. 21 U.S.C. §§ 851(a)(1) and 841(b)(1)(B). The presentence investigation report scored Manns with a base offense level of 26 for 500 grams of cocaine and a 3-point reduction for acceptance of responsibility, yielding a total offense level of 23. (Doc. 65 at 13). Coupled with a criminal history category of III, Manns had a

Guidelines range of 57 to 71 months. Id. at 24. However, because of the § 851 enhancement, Manns's Guidelines sentence became 120 months. USSG § 5G1.1(b). At sentencing the Court varied upward and sentenced Manns to 168 months, as well as a 12-month consecutive sentence for a violation of supervised release in case 3:88-cr-54-J-20TEM.

Manns seeks a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels for most drug quantities. Based on 500 grams of cocaine, Amendment 782 lowers Manns's base offense level from 26 to 24. However, because of the § 851 enhancement, Mann's Guidelines sentence remains 120 months. Thus, Manns is not entitled to a sentence reduction because the Amendment does not have the effect of lowering his applicable Guidelines range. USSG § 1B1.10(a)(2)(B); United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010) (" The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum.").

Accordingly, it is hereby

**ORDERED:**

Defendant Henry Manns's Motion for Modification of Term of Imprisonment (Doc. 72) is **DENIED**.

2

3

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of May, 2020.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies:

Andrew Tysen Duva, AUSA
Thomas M. Bell, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant